**SIGNED THIS: May 23, 2011**

_____
THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| KEVIN M. COVEMAKER and | )   No. 10-83747 |
| HEATHER L. COVEMAKER, | ) |
| | ) |
| Debtors. | ) |

## O P I N I O N

Midfirst Bank, the holder or servicer of a first mortgage on the Debtors' residential real estate, filed Claim No. 5-1 for a prepetition arrearage that includes $800.00 for attorney fees incurred in a prepetition foreclosure action. The Debtors object alleging that the amount of the fees is excessive, unreasonable and contrary to the standards established by this Court in *In re McMullen,* 273 B.R. 558 (Bankr.C.D.Ill. 2001), holding that where a law firm prosecutes mortgage foreclosure cases on a flat fee basis, it is presumptively reasonable to allocate the flat fee amount one-third to the complaint stage, one-third to the judgment stage, and one-third to the sale stage. 273 B.R. at 563.

Midfirst Bank's attorneys, Fisher & Shapiro, have filed a contract addendum providing for a total flat fee of $1,100.00 for a complete foreclosure case, but providing for an accelerated payment schedule whereby $800.00 is earned once the complaint is filed and service is completed and the full $1,100.00 is earned once judgment is entered, leaving nothing allocated to sale and confirmation of sale. While the bankruptcy filing stayed the foreclosure action shortly after its filing, and prior to a judgment awarding fees and costs, Fisher & Shapiro contends that because the complaint was filed and summons served, the sum of $800.00 was earned prepetition and should be awarded as a reasonable attorney fee under 11 U.S.C. § 1322(e).

This Court's decision in *McMullen* recognized the length and complexity, but also the repetitive regularity, of judicial foreclosure cases in Illinois. The Court also recognized that the lodestar analysis is the principal method for evaluating the reasonableness of attorney fees. *See In re Coates*, 292 B.R. 894, 901 (Bankr.C.D.Ill. 2003). The lodestar method begins with the number of hours reasonably expended. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544 (7th Cir. 1999). So even flat fee arrangements must be evaluated for reasonableness on the basis of time expended. In *McMullen*, the Court held that because the legal work necessary to prosecute a foreclosure case could be split into relatively equivalent thirds, so should the flat fee, thus creating a presumption of reasonableness based upon the progress of the foreclosure proceeding when the petition was filed.

Nothing has changed to alter the reasoning of *McMullen*. While law firms are free to negotiate the most favorable fee payment schedule that they can with their clients, the

question of reasonableness under section 1322(e) is a separate issue. The issue in bankruptcy is limited to the proportion of the flat fee that may be reasonably charged to a Chapter 13 debtor, and in effect his unsecured creditors, under section 1322(e). This issue is controlled by the lodestar analysis, not the peculiarity of the fee payment agreement reached between a particular mortgagee with a particular law firm. A law firm could have an agreement with a mortgagee or servicer that the flat fee is earned in full when the complaint is filed, but that doesn't make it reasonable to charge the borrower (or creditors) the full amount when only a small portion of the work is performed.

The Court reaffirms its *McMullen* decision. Since the foreclosure complaint was filed, but judgment was not entered, one-third of the flat fee is reasonable under section 1322(e). One-third of the $1,100.00 is $367.00. The mortgage arrearage calculation may include that amount for foreclosure attorney fees, but no more.[1] By agreement, the parties have resolved the other issues relating to the prepetition arrearage. Midfirst Bank shall have an allowed claim for a prepetition mortgage arrearage of $7,695.23.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###

---

[1] The Court is not ordering disgorgement. To the extent the mortgagee's law firm was paid additional fees, the firm may retain those amounts – but those additional amounts may not be assessed against the Debtors or debited to their mortgage account.